## JOSIAH W. FLAGG *vs.* PRIMUS P. MASON.

The declarations of an owner of land, not shown to be deceased, as to its boundaries, though made upon the land, are not competent evidence in favor of a person claiming under him.

ACTION OF TORT for breaking and entering the plaintiff's close. Answer, title in the defendant.

At the trial in the court of common pleas in Hampden, at March term 1857, it appeared that the parties owned contiguous lots, the boundary between which was in dispute. The defendant called a witness, who testified that in 1824 a person, whose title the defendant now had, while in possession of the land now owned by the defendant, purchased of the witness a dwelling-house, to be put upon that lot; and went with him upon the land, and showed him where the house was to be placed, and at the same time pointed out the boundaries of the lot.

*Morris*, J. permitted the witness, against the objection of the plaintiff, to testify what were the monuments thus pointed out.

The verdict was for the defendant, and the plaintiff alleged exceptions.

*E. W. Bond & A. L. Soule,* for the plaintiff.

*R. A. Chapman,* for the defendant.

BIGELOW, J.   The admission of the declarations of third persons, not parties to a suit, in relation to boundaries of land, is an exception to the general rule of law which excludes hearsay evidence.   The limits of this exception, as understood in this commonwealth, were defined and stated with accuracy in *Daggett* v. *Shaw,* 5 Met. 223, and have been since steadfastly adhered to.   *Bartlett* v. *Emerson,* 7 Gray, 174.   *Ware* v. *Brookhouse,* 7 Gray, 454.   The declarations admitted at the trial of this case do not come within the exception.   The decisive objection to their competency is, that it does not appear that the person who made them was deceased.   For aught that is shown he was still living, and might have been called as a witness to the nature and extent of his own occupation of the premises in dispute.   His statements on the subject to third persons were clearly incompetent evidence.

*Exceptions sustained*